IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES, | § | |
| Government, | § § § | |
| VS. | § | Criminal Action No. H-07-512 |
| BENJAMIN SUTTON, III, | § § § | |
| Defendant. | § § | |
| Civil Action No. H-10-4919 | § | |

**MEMORANDUM AND ORDER**

Benjamin Sutton pleaded guilty, without a written plea agreement, to Counts 1 to 4 of a 5-count indictment charging him with participating in an armed bank robbery. Based on the record, he was sentenced to concurrent 140-month terms on Counts 1 and 2 (charging bank robbery with a firearm and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and (d) and § 2); 60 months on Count 3 (charging possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii)), to be served consecutively; and 300 months on Count 4 (charging possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(C)), to be served consecutively, for a total of 500 months. The factual basis included evidence that Sutton pointed a pistol at an unarmed security guard and in the direction of different bank tellers; threatened to kill the guard and the bank tellers; pointed his pistol at a woman in the parking lot in an attempt to carjack her vehicle (in which her two small children were passengers); then pointed his pistol at occupants of another vehicle that they used to flee from the

scene. Sutton appealed, without success. On July 16, 2010, Sutton filed this motion under 28 U.S.C. § 2255, asserting the following claims:

(1) his guilty plea was not knowing and voluntary because he believed he was making a conditional plea in which Counts 2 and 4 would be dismissed;

(2) he was induced to plead guilty on the basis of the government's alleged oral agreement that his guilty plea would be conditioned on the dismissal of Counts 2 and 4;

(3) the government breached the plea agreement;

(4) this court erred in imposing a 5-year consecutive sentence for the conviction on Count 3;

(5) this court erred in imposing an 8-level upward adjustment;

(6) this court erred in calculating the offense levels;

(7) this court erred in imposing a second § 924(c) enhancement of 300 months; and

(8) the government violated the plea agreement by not fulfilling promises made during plea negotiations and in denying a 3-level reduction for acceptance of responsibility.

The government responded and filed a motion to expand the record to include an affidavit from defense counsel, Thomas Glenn. (Docket Entry No. 114). The motion to expand the record is granted.

Sutton moved for an extension of time to file a response, up to August 31, 2011. (Docket Entry No. 115). That motion is granted.

The government also moved to dismiss. Because the government wants the record expanded to include motion to dismiss is converted to one for summary judgment.

The parties may supplement the record no later than April 16, 2012.

SIGNED on March 26, 2012, at Houston, Texas.

                                              Lee H. Rosenthal
                                       United States District Judge